**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

United States of America,

                                       **ORDER**

v.

Harold Katz,

                    Defendant,              Crim. No. 09-243 (RHK)

Gregory Bell,

                    Defendant,              Crim. No. 09-269 (RHK)

_____

The Defendant in each of these cases has pleaded guilty in connection with a fraud scheme for which Thomas Joseph Petters was convicted by jury of 20 counts of wire fraud, mail fraud, money laundering, and conspiracy (Crim. No. 08-364). By Order dated June 3, 2010 (Doc. No. 459 in Crim. No. 08-364), the Court declined to order restitution in the Petters matter, concluding that "determining complex issues of fact related to the amount of the victims' losses would both complicate and prolong the sentencing process to such a degree that the need to provide restitution is outweighed by the burden it would impose." (Id. at 10-11 (citing 18 U.S.C. § 3663A(c)(3)(B)).) The Court later issued a similar Order declining to order restitution by Robert White, Michael Catain, Larry Reynolds, and Deanna Coleman, each of whom participated in the Petters fraud and pleaded guilty in connection therewith.

The Court has now been informed by the Probation Officer that the list of victims of the crimes for which Defendants Katz and Bell have pleaded guilty overlaps in substantial measure, although not entirely, with that in Petters. Moreover, the Court is

informed that there have been more than three dozen objections to the Probation Officer's calculations of the appropriate restitution amounts. While resolving those objections would not require as Herculean an effort as that presented by the 100+ objections in Petters, the Court believes that the same problems endemic to restitution in that case are evident here. Simply put, although the universe of victims and objections is smaller, the reasons for declining a restitution order in Petters are equally applicable with respect to these Defendants.

Accordingly, for the reasons stated in the Court's June 3, 2010 Order in Petters and in its June 4, 2010 Order in White, Catain, Reynolds, and Coleman, which are expressly adopted herein by reference, the Court **DECLINES** to order restitution by these Defendants. Instead, the Government may proceed through the remission process, as authorized in 21 U.S.C. § 853(j) and 28 C.F.R. Part 9.


Dated: July 2, 2010

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge